```
        IN THE UNITED STATES DISTRICT COURT FOR THE
              SOUTHERN DISTRICT OF ALABAMA
                    SOUTHERN DIVISION
```

DELACEY ANTONIO HOLLEY, #243606,:

    Plaintiff,                 :

vs.                                :   CIVIL ACTION 06-0068-WS-M

MOBILE COUNTY METRO JAIL,          :

    Defendant.                 :

<u>REPORT AND RECOMMENDATION</u>

Plaintiff, a Mobile County Metro Jail inmate proceeding *pro se* and *in forma pauperis*, filed a Complaint under 42 U.S.C. § 1983. This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). It is recommended that this action be dismissed with prejudice as frivolous, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

I.  <u>Complaint (Docs. 1 & 3)</u>.

Plaintiff identified the Mobile County Metro Jail as the sole Defendant to his action about the lack of a mat to sleep on for three weeks from August 8, 2005, to August 24, 2005. Plaintiff alleges that he was only given a sheet and blanket because the jail had no more mats according to the officer and her supervisor. When the new mats arrived, Plaintiff received one. Allegedly, sleeping on the hard floor without a mat has caused Plaintiff back problems according to a doctor. In addition, Plaintiff asserts that for one night he was placed in a

cell that had blood on the walls.

II. <u>Standards of Review Under 28 U.S.C. § 1915(e)(2)(B)</u>.

Because Plaintiff is proceeding *in forma pauperis*, the Court is reviewing Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2)(B).[1]  Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact."  *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).  A claim is frivolous as a matter of law where the claim seeks to enforce a right that clearly does not exist.  *Id.* at 327, 109 S.Ct. at 1833.  Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957));*see Mitchell v. Farcass,* 112 F.3d 1483, 1490 (11th Cir. 1997) (noting that § 1915(e)(2)(B)(ii)'s language tracks the

---

[1] The predecessor to this section is 28 U.S.C. § 1915(d).  Even though Congress made many substantive changes to § 1915(d) when it enacted 28 U.S.C. § 1915(b)(2)(B), the frivolity and the failure to state a claim analysis contained in *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989), was unaltered.  *Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir.), *cert. denied,* 534 U.S. 1044, 122 S.Ct. 624, 151 L.Ed.2d 545 (2001); *Brown v. Bargery*, 207 F.3d 863, 866 n.4 (6th Cir. 2000).  However, dismissal under § 1915(e)(2)(B) is now mandatory.  *Bilal,* 251 F.3d at 1348-49.

language of Fed.R.Civ.P. 12(b)(6)).

III.  Discussion.

Liability under § 1983 can only be imposed against a person, *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 330-31, 106 S.Ct. 662, 664, 88 L.Ed.2d 662 (1986), or an entity that is capable of being sued.  *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992).  The capacity of a party to be sued is "determined by the law of the state in which the district court is held[.]"  FED.R.CIV.P. 17(b); *see Dean*, 951 F.2d at 1214.

Under Alabama law, the sheriff, or a jailer who is appointed by the sheriff, "has the legal custody and charge of the jail in his county and all prisoners committed thereto. . . ."  ALA. CODE § 14-6-1.  Generally, a sheriff's department operates a county jail.  However, an Alabama sheriff's department lacks the capacity to be sued.  *Dean*, 951 F.2d at 1214; *King v. Colbert County*, 620 So.2d 623, 626 (Ala. 1993); *White v. Birchfield*, 582 So.2d 1085, 1087 (Ala. 1991).  Then, it follows that the jail likewise lacks the capacity to be sued.  *Russell v. Mobile County Sheriff*, No. Civ. A. 00-0410-CB-C, 2000 WL 1848470 (S.D. Ala. Nov. 20, 2000) (unpublished) (finding that the Mobile County Jail is not a suable entity); *Marsden v. Federal Bureau of Prisons*, 856 F.Supp. 832, 836 (S.D.N.Y. 1994) (finding that the jail is

3

not an entity amenable to suit); *House v. Cook County Dept. of Corrections*, No. 98 C 788, 1998 WL 89095 (N.D. Ill. Feb. 13, 1998) (unpublished) (same); *May v. North County Detention Facility*, No. C 93-1180 BAC, 1993 WL 300290 (N.D. Cal. July 21, 1993) (unpublished) (same); *see also Castillo v. Cook Co. Mail Room Dept.*, 990 F.2d 304, 307 (7th Cir. 1993) (finding that because the jail is not a suable entity, then it follows that the subdivision, the mail room, is not a suable entity).

Therefore, the Court determines that the Mobile County Metro Jail is not a suable entity or a person for § 1983 purposes. Accordingly, Plaintiff's claim against this Defendant is frivolous as a matter of law.

IV.  <u>Conclusion</u>.

Based upon the foregoing reasons, it is recommended that this action be dismissed with prejudice as frivolous, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set

out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 3rd day of January, 2007.

                                s/BERT W. MILLING, JR.
                                UNITED STATES MAGISTRATE JUDGE

5